732 F.2d 799
 Alvin MATZKE, William Leonard, Janice Stoss, Don Lorlovick,
Delmar Turley, and Cheryl Turley, on behalf of
themselves and all others similarly
situated, Plaintiffs,
Appellees, Cross-Appellants,
v.
John BLOCK, Individually, and in his capacity as Secretary
of the United States Department of Agriculture; Allen
Brock, Individually, and in his capacity as Deputy
Administrator and former Acting Administrator of the Farmers
Home Administration; Charles Shuman, Individually, and in
his capacity as Administrator of the Farmers Home
Administration; Larry Davis, Individually, and in his
capacity as State Director for Kansas Farmers Home
Administration, United States Department of Agriculture;
James W. Smith, Individually, and in his capacity as
District Director, Farmers Home Administration, United
States Department of Agriculture, Defendants, Appellants,
Cross-Appellees.
 Nos. 83-1866, 83-1867 and 83-2091.
 United States Court of Appeals,
Tenth Circuit.
 April 24, 1984.
 
 Thomas D. Edmondson, Atty., U.S. Dept. of Agriculture, Washington, D.C. (James Michael Kelly, Associate Gen. Counsel, Raymond W. Fullerton, Asst. Gen. Counsel, Washington, D.C., for defendants, appellants, cross-appellees.
 Thomas D. Kershaw, Jr. of American Constitutional Rights Ass'n, Klamath Falls, Or., for plaintiffs, appellees, cross-appellants.
 Before SETH, Chief Judge, and HOLLOWAY and LOGAN, Circuit Judges.
 SETH, Chief Judge.
 
 
 1
 This is a class action brought by farmers living in Kansas who had received loans from the Farmers Home Administration (FmHA) under the general Farm and Rural Development Act. The FmHA had security interests in plaintiffs' homes, crops, livestock and equipment.
 
 
 2
 Plaintiffs assert that the Secretary of Agriculture has taken no action to place in operation or to implement the remedies provided for them by 7 U.S.C. Sec. 1981a (Pub.L. No. 95-334, Sec. 122) and has refused to do so. They assert that no regulations, procedures, or standards have been adopted by the Secretary as contemplated by Sec. 1981a. Thus the deferrals of principal and interest payments therein permitted under certain circumstances have not been made available nor has a way for the exercise of the Secretary's discretion to "forego foreclosure" there described been provided for.
 
 
 3
 The Secretary takes the position that he has the discretion whether or not to administer what Congress described as the "program" therein provided for, and that discretion whether to take any action or not is in permissive language in Sec. 1981a. He acknowledges that no regulations or procedures have been adopted in response to the enactment of Sec. 1981a. He asserts that in any event preexisting regulations adopted in response to other legislation are adequate.
 
 
 4
 The case was presented on motions for summary judgment filed by both parties. The facts were supplied by testimony and by documentary material. The trial court granted summary judgment for the plaintiffs on their general claim for relief, but held that the statute did not provide for notice and hearing on the applications by borrowers and none would be required. 564 F.Supp. 1157 (D.Kan.) The trial court did not require specific regulations for procedure, but held that the Secretary must "accept requests for deferral ... and ... determine eligibility based on relevant statutory factors." This apparently contemplated an ad hoc determination of requests. The trial court denied plaintiffs' claims for attorney fees on the merits and on lack of a timely request. Both parties have appealed.
 
 
 5
 We agree with the trial court's determination that there has been final agency action, in this context, for review and that the agency decision is one of law. It is a construction of the statute by silence. There is no construction contained in rules or regulations, but only in the litigation of this and similar suits. We agree with the conclusion of the trial court that the statutory language is clear. This apparently is agency "action" which was not taken after either rulemaking or adjudication. We considered such informal action in City & County of Denver, Etc. v. Bergland, 695 F.2d 465 (10th Cir.), and described the scope of review. The authority of the agency "action" is thus examined. See also Rocky Mountain Oil and Gas Ass'n. v. Watt, 696 F.2d 734 (10th Cir.).
 
 
 6
 We also agree with the discussion and determination by the trial court of the standing issue, the case and controversy requirement, and that plaintiffs have suffered actual or threatened injury. The court cites Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 99 S.Ct. 1601, 60 L.Ed.2d 66.
 
 
 7
 The Secretary here urges that the trial court was in error in holding that Congress intended the Secretary "to structure the exercise of discretion to allow deferral of loans to borrowers within the zone of interests to be protected under the statute," and in holding that the Secretary's "refusal" to implement the statutory provisions as to standards for deferrals was "unreasonable" and "not within the Secretary's authority."
 
 
 8
 Section 1981a was inserted into the complex farm loan structure, but its purpose and scope is clear. It provides for fundamental forms of relief in particular situations--thus for deferral of interest payments, of payments on principal, and importantly it provides that the Secretary could "forego" foreclosure under certain described circumstances all in his discretion exercised within the statutory conditions.
 
 
 9
 Congress has many times in connection with farm legislation expressed its objective to foster and encourage family farms (7 U.S.C. Sec. 2266(a)) and to keep existing farms operating (7 U.S.C. Sec. 1921). In 1978 Congress passed the Agricultural Credit Act of 1978 (Pub.L. No. 95-334) with the expressed intention to expand the power of FmHA to meet the then acute financial needs and problems of the farmers (H.Rep. 986, 95th Cong., 2d Sess. (1978)), U.S.Code Cong. & Admin.News 1978, p. 1106.
 
 
 10
 Section 122 of Pub.L. No. 95-334 became 7 U.S.C. Sec. 1981a with which we are concerned and it reads in part:
 
 
 11
 "In addition to any other authority that the Secretary may have to defer principal and interest and forego foreclosure, the Secretary may permit, at the request of the borrower, the deferral of principal and interest on any outstanding loan made, insured, or held by the Secretary under this chapter, or under the provisions of any other law administered by the Farmers Home Administration, and may forego foreclosure of any such loan, for such period as the Secretary deems necessary upon a showing by the borrower that due to circumstances beyond the borrower's control, the borrower is temporarily unable to continue making payments of such principal and interest when due without unduly impairing the standard of living of the borrower. The Secretary may permit interest that accrues during the deferral period on any loan deferred under this section to bear no interest during or after such period ...."
 
 
 12
 Congress intended to create a remedy or permit relief for certain borrowers for whom serious concern had been expressed because of repeated drought conditions and by reason of unusually low farm prices. These conditions created an urgent need and a particular form of relief was devised after extended study and debate. This was Sec. 1981a. The section contains the basic eligibility requirement, thus it requires that the applicant make the "showing" that due to circumstances beyond his or her control "the borrower is temporarily unable to continue making payments ... without unduly impairing the standard of living of the borrower." The Act provides that the Secretary may permit "at the request of the borrower, the deferral ...." Thus the relief is only available if requested by the borrower.
 
 
 13
 The word "may", the Secretary "may" permit deferral, is, in our view, a reference to the discretion of the Secretary to grant the deferral upon a showing by a borrower. It does not mean as the Secretary argues that he has the discretion whether or not to implement the Act at all and not to consider any "requests" under the statutory standards. It is difficult to understand how the Secretary can assert that no action need be taken under the statute when it was enacted to meet an urgent need for relief from conditions beyond the farmers' control, when Congress recited at the outset that the section was, "[i]n addition to any other authority that the Secretary may have," and when the Act states that a request is required which presumably would trigger a consideration of the factors by the Secretary.
 
 
 14
 Also, as considered hereinafter, for there to be a "request" the defaulting borrower must have some sort of notice that he may so request. No such notice was given in the instances before us. For the indicated request and application of the factors some procedure was needed and some formulation or definitions of the substantive elements were required.
 
 
 15
 The Secretary's determinative argument, as mentioned, is that he already had enough regulations in a variety of other circumstances relating to farm loans, and that no additional ones were needed for Sec. 1981a. We fully agree with the trial court that this is not borne out by the record, and with the Eighth Circuit in Allison v. Block, 723 F.2d 631, reaching the same conclusion. There are other regulations directed to deferrals and other relief, but these are encumbered by entirely different eligibiilty standards or requirements applicable to the statute to which they pertain. We must conclude that the Secretary made no effort at all to implement this legislation by applicable procedural rules or substantive definitions.
 
 
 16
 The record before us contains testimony which indicates at best a casual and subjective application of some of the factors by some of the supervisors. The carefully considered remedy devised by Congress for a particular and serious problem was not put into operation.
 
 
 17
 The record further demonstrates, as do the arguments of the Secretary on appeal, that the rulemaking procedure must be utilized. The statute contains the admonition that the authority of the Secretary is "in addition" to what he now has. The newness would indicate a need for rulemaking. The Act mentioned "request" and a "showing". This contemplates an application and some procedure or hearing for the "showing". Congress felt there was an urgent need for relief and it seems a bit late to begin the accumulation of decisional guides. The obvious need for some notice to defaulting borrowers also dictates some procedural device with a response. All in all, the Act, especially the arguments here made by the Secretary with the litigation of the matter elsewhere, indicates that regulations are necessary to carry out the mandate of Congress.
 
 
 18
 This circuit in First Bancorporation v. Board of Governors, 728 F.2d 434 (10th Cir.), considered a promulgation or announcement of a broad policy determination in a single adjudicative proceeding. This we held to be an abuse of discretion citing N.L.R.B. v. Wyman-Gordon Co., 394 U.S. 759, 89 S.Ct. 1426, 22 L.Ed.2d 709; Ford Motor Co. v. F.T.C., 673 F.2d 1008 (9th Cir.); United States v. Empey, 406 F.2d 157 (10th Cir.). See also N.L.R.B. v. Bell Aerospace Co., 416 U.S. 267, 94 S.Ct. 1757, 40 L.Ed.2d 134. The Supreme Court considered an aspect of this same concept in Morton v. Ruiz, 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270, where a significant limit was placed on eligibility for general assistance benefits under the Snyder Act by the agency without rulemaking under the Administrative Procedure Act. The Court there in part said:
 
 
 19
 "The power of an administrative agency to administer a congressionally created and funded program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress.... No matter how rational or consistent with congressional intent a particular decision might be, the determination of eligibility cannot be made on an ad hoc basis by the dispenser of the funds.
 
 
 20
 "The Administrative Procedure Act was adopted to provide, inter alia, that administrative policies affecting individual rights and obligations be promulgated pursuant to certain stated procedures so as to avoid the inherently arbitrary nature of unpublished ad hoc determinations."See also Diamond Ring Ranch, Inc. v. Morton, 531 F.2d 1397 (10th cir.).
 
 
 21
 We affirm the judgment of the trial court on the basic issue except we hold that regulations must be promulgated by the Secretary to place 7 U.S.C. Sec. 1981a into operation in any event and especially after this long delay. We also affirm the judgment of the trial court in its denial of plaintiffs' request for attorney fees on the "substantially justified" ground.
 
 
 22
 The judgment of the trial court is so AFFIRMED in part and REVERSED in part.