Larry A. **PAYNE** et al., Plaintiffs,

v.

**John R. BLOCK, et al., Defendants.**

**Civ. A. No. 84–C–1071.**

United States District Court,
D. Colorado.

Nov. 26, 1985.

Scott E. Isaacson, David, Graham & Stubbs, Denver, Colo., for plaintiffs.

Janis E. Chapman, Asst. U.S. Atty., for defendants.

## ORDER

CARRIGAN, District Judge.

Plaintiffs brought this action for declaratory and injunctive relief, compensation for wrongfully withheld funds, and punitive damages. By order of August 17, 1984, I granted a preliminary injunction in favor of the plaintiffs, which remains in effect. The plaintiff has now moved for partial summary judgment on the issue of liability pursuant to Fed.R.Civ.P. 56(c). The parties have briefed the issues, and oral argument would not assist in resolving them.

The undisputed facts are as follows. The plaintiffs, Larry A. Payne and Carolyn M. Payne, are farmers operating a dairy farm near Flagler, Colorado. In 1978, they applied for and received an operating loan from the Farmer's Home Administration ("FmHA"). Since 1978, the plaintiffs have received additional loans from the FmHA. In the summer of 1983, the plaintiffs suffered crop damage from a severe hailstorm. As a result, they had to buy, for their cattle, feed they otherwise would have produced on their own. Further difficulties experienced during the winter of 1983–84 resulted in reduced milk output from their cattle. For these reasons, the plaintiffs became delinquent in payments on their FmHA loans.

In January, 1984, the plaintiffs and a representative of FmHA signed a Farm and Home Plan, a form executed in connection with all FmHA loans. The form required the plaintiffs to estimate, for 1984, the money needed to operate the farm and to meet family living expenses. It also required the plaintiffs to predict farm income for the year and to list debts to be paid, including payments on FmHA loans.

In connection with their loans from the FmHA, the plaintiffs, since 1981, have been assigning their milk income to the FmHA. Under this arrangement, the plaintiffs regularly sell their milk to a buyer. Each month, the buyer must send the first $4,906.00 of the milk sale proceeds directly to the FmHA to be applied to the plaintiffs' debt. The remainder of the purchase price, if any, is paid to the plaintiffs. Because of the problems described above, the plaintiffs' milk income has decreased so that after the amount assigned to the FmHA is deducted, there is insufficient income to allow the plaintiffs to pay their budgeted operating and living expenses as provided for in the Farm and Home Plan.

In December, 1983, the plaintiffs requested that the FmHA release to them a portion of the revenues previously assigned to the FmHA sufficient to allow them to pay the budgeted 1984 operating and living expenses set forth in the Farm and Home Plan. This request was denied by the defendant Steve Thruston in a letter dated January 3, 1984. In early February, 1984, the plaintiffs received a pretermination notice from FmHA informing them that the FmHA was going to accelerate their debts and foreclose on their real estate and chattels. This notice gave the plaintiffs an opportunity to request consolidation, rescheduling, reamortization, or deferral. Plaintiffs requested that relief in a letter dated February 28, 1984. All requested relief was denied in a letter from the FmHA dated June 28, 1984. Plaintiffs commenced this action on May 25, 1984.

Plaintiffs first seek a ruling from this court as follows:

"That defendants must release to the plaintiffs from the proceeds of plaintiffs' farm operation such amounts as are needed to meet operating and living expenses and as are provided for on an applicable farm and home plan, until such time as defendants provide to plaintiffs reasonable notice and a prior hearing, if requested, on the issue of termination of operating and living funds."

On February 17, 1984, the United States District Court for the District of North Dakota issued an injunction applicable to all FmHA offices and agents in the case of *Coleman v. Block,* 580 F.Supp. 194 (D.N.D. 1984). In that case, the court certified a nationwide class of FmHA farm program borrowers. Plaintiffs assert that they are member of that class, and defendants have not argued otherwise. The *Coleman* court issued a permanent injunction as follows:

"[T]he defendants, their agents, subordinates, and employees are enjoined from proceeding to liquidate, or to terminate the living and operating allowances previously determined in the administration of any existing loan unless:

1. the defendants shall give any plaintiff against whom defendants propose to proceed at least 30 days notice:

a. That informs the borrower of his right to an informal hearing to contest the liquidation or termination and to establish eligibility for loan deferral pursuant to 7 U.S.C. § 1981a;

b. That provides the borrower with a statement that gives the reasons for the proposed liquidation or termination;

c. That informs the borrower of the factors that determine eligibility for loan deferral; and

d. That informs the borrower of the official who would preside at the informal hearing. The official designated shall not have been actively involved in the initial decision of liquidation or termination.

2. The official presiding at any informal hearing shall present his decision in writing, giving his reasons there-

fore, which decision shall be furnished to the borrower.

That the defendants, their agents, subordinates and employees, are enjoined from:

—Accelerating the indebtedness of the plaintiffs,

—Demanding voluntary conveyance by the plaintiffs

—Repossessing chattels of the plaintiffs or in any way proceeding against or depriving the plaintiffs of property in which the defendants have a security interest,

unless:

1. defendants shall give any plaintiffs against whom the defendants propose to proceed at least 30 days notice:

a. That informs the borrower of his right to a hearing to contest the proposed action and to establish eligibility for loan deferral pursuant to 7 U.S.C. § 1981a;

b. That provides the borrower with a statement that gives the reasons for the proposed action;

c. That informs the borrower of the factors that determine eligibility for loan deferral;

d. That informs the borrower of the official who would preside at the hearing. The official designated shall not have been actively involved in the initial decision to take the proposed action.

2. The official presiding at any such hearing shall present his decision in writing, giving his reasons therefore, which decision shall be furnished to the borrower." 580 F.Supp. at 210–11.

■■■ In my order granting a preliminary injunction, I refused to accept the defendants' argument that this case is distinguishable from *Coleman* simply because it involves assignment of proceeds of milk sales. I there stated:

"The existence of the income assignment does not modify the FmHA's obligation to give first priority to meeting budgeted farm home and operating expenses as set

forth in the 1984 Farm and Home Plan. The agency cannot over-ride procedural due process rights clearly intended by Congress by so structuring the form of the transaction as automatically to impose losses upon the farmer without any occasion arising for a hearing. This kind of bureaucratic 'heads I win, tails you lose' practice implemented by the assignment of income, resulted in gross inequities in this case. Moreover, because of the form of the transaction, the government has placed itself in a position to argue that actual changes in the economic positions of the parties, and in their relative shares of the farm proceeds, may be imposed on the farmers without any semblance of procedural due process. This merely values form over substance." (August 17, 1984 Order at p. 7.)

Defendants have offered no further argument on this issue, and it appears to me that, in substance, this case is indistinguishable from *Coleman.* Therefore, I find and conclude that the plaintiffs are entitled to the requested order.

■ Plaintiffs next move for an order stating as follows:

"That defendants must release to the plaintiffs from the proceeds of plaintiffs' farm operation such amounts as are needed to meet operating and living expenses and as are provided for on an applicable farm and home plan, until such time as defendants provide to plaintiffs reasonable notice of, and the right to apply for, under appropriate regulations, a deferral of loan payments under 7 U.S.C. § 1981a."

This issue was also decided in the plaintiffs' favor in *Coleman.* Furthermore, it is established law in this circuit that 7 U.S.C. § 1981 imposes a duty upon the defendants to implement a deferral program by uniform regulations. *Matzke v. Block*, 732 F.2d 799 (10th Cir.1984). For these reasons, I find and conclude that the plaintiffs are entitled to this relief.

■ Plaintiffs' third requested relief is for an order stating as follows:

"That defendants may not foreclose the plaintiffs' loans or liquidate their security without first providing the procedural rights specified above."

This relief follows directly from the conclusion reached above—that the plaintiffs are entitled to due process protections in the liquidation or foreclosure by the FmHA of the plaintiffs' loan security. Therefore, I find and conclude that this relief should be granted.

■ Finally, the plaintiffs seek an order stating as follows:

"That such prior seizures from plaintiffs of planned living and operating funds as have occurred through the retention of amounts received by defendants under a milk assignment, or by any other method, were in violation of the plaintiff's right to due process of law. Such amounts as have been so seized and have not been refunded must be refunded to plaintiffs."

In their answer brief, the defendants' sole argument is that the plaintiffs have no property interest in this case that would provide a basis for a claim of denial of due process and therefore that there has been no unconstitutional seizure in this case. This argument was directly addressed and refuted in the *Coleman* case and is the law of this case. *See* 580 F.Supp. at 207–08. Therefore, I find and conclude that the plaintiffs are entitled to the requested relief.

Accordingly, it is ordered:

1. That the defendants must release to the plaintiffs from the proceeds of the plaintiffs' farm operation such amounts as are needed to meet operating and living expenses and as are provided for on an applicable farm and home plan, until such time as the defendants provide to the plaintiffs reasonable notice and a prior hearing, if requested, on the issue of termination of operating and living funds.

2. That the defendants must release to the plaintiffs from the proceeds of the plaintiffs' farm operation such amounts as are needed to meet operating and living

expenses and as are provided for on an applicable farm and home plan, until such time as the defendants provide to the plaintiffs reasonable notice of, and the right to apply for, under appropriate regulations, a deferral of loan payments under 7 U.S.C. § 1981a (1982).

3. That the defendants may not foreclose the plaintiffs' loans or liquidate the plaintiffs' security without first providing the procedural rights specified above.

4. That such prior seizures from the plaintiffs of planned living and operating funds as have occurred through the retention of amounts received by the defendants under a milk assignment, or by any other method, were in violation of the plaintiffs' right to due process of law. Such amounts as have been so seized and have not been refunded must be refunded to the plaintiffs.