Reed SMITH and Valoy Smith, husband and wife, Plaintiffs-Appellants,

v.

John BLOCK, in his capacity as Secretary of the United States Department of Agriculture, et al., Defendants-Appellees.

No. 84–4305.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 1986.

Decided March 13, 1986.

John Michael Brassey, Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, Idaho, for plaintiffs-appellants.

Warren S. Derbidge, Asst. U.S. Atty., Boise, Idaho, for defendants-appellees.

Before SKOPIL, NELSON and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

The Smiths appeal the district court decision granting the Farmers Home Administration's (FmHA) motion for summary judgment and dismissing their action to enjoin the FmHA from further action regarding their property. Because the Smiths do not have standing to complain of the FmHA's failure to give notice of moratorium rights, we affirm the district court's dismissal of the case.

## I. FACTS

The Equitable Life Assurance Society (Equitable) held a first mortgage on the Smiths' farm. On December 30, 1977, the FmHA loaned the Smiths $320,000, securing it by a second mortgage on the same property. The FmHA served notice of acceleration to the Smiths in April 1980, but did not commence foreclosure proceedings or give notice of the provisions of 7 U.S.C. § 1981a (1982).

Equitable, however, foreclosed on the farm in June 1981. At a public Sheriff's sale, the FmHA purchased the farm to protect its security interest. After the Smiths failed to exercise their redemption rights under Idaho law and under a nine month extension, the Sheriff conveyed title to the FmHA.

On October 13, 1983, the Smiths filed an action for injunctive relief, asserting that the FmHA failed to give them notice of their deferral and moratorium rights under 7 U.S.C. § 1981a. The district court denied injunctive relief and granted summary judgment for the FmHA. The district court found that the FmHA owns the farm, having purchased it at a public foreclosure sale and that the FmHA has not foreclosed on the debt owed by the Smiths. The FmHA therefore was not required to give notice of the relief available under 7 U.S.C. § 1981a. The Smiths appeal, alleging the district court erred in granting the FmHA summary judgment.

## II. ANALYSIS

The Smiths claim that the district court erred in granting summary judgment to the FmHA because the FmHA failed to give them notice of their deferral and moratorium rights under 7 U.S.C. § 1981a. We must, however, first address whether the Smiths have standing to seek an injunction when the FmHA sends notice of acceleration but fails to foreclose and when foreclosure proceedings are completed by a third party. Determining whether the Smiths have standing is a threshold question which we must address to determine whether we or the trial court have the power to entertain the Smiths' suit. *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975); *Kuntz v. Reese,* 760 F.2d 926, 930 (9th Cir.1985).

In determining whether the Smiths have standing to sue, we ask whether (1) the Smiths have suffered a distinct and palpable injury, (2) there is a connection between the injury and the FmHA's conduct, and (3) there is a substantial likelihood that the relief requested will offer redress. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982); *NAACP, Western Region v. City of Richmond*, 743 F.2d 1346, 1350 (9th Cir.1984). The Smiths have suffered an injury in the loss of their farm. We require, however, that the Smiths show a connection between that injury and FmHA action. They must also show that the injury is capable of being redressed by a favorable decision. *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99, 99 S.Ct. 1601, 1607, 60 L.Ed.2d 66 (1979); *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976).

There must be a link between the FmHA's conduct and the loss of the Smiths' farm. This threshold requirement does not rise to the level of proving proximate cause. Proximate cause has been defined as the dominant cause, the efficient cause, the one that necessarily sets the other causes in operation; an act or omission occurring or concurring with another, without which injury would not have been inflicted. Black's Law Dictionary 1103 (5th ed. 1979). Here there has been no showing of even a connection between loss of the Smiths' farm and the failure to give notice of moratorium rights. The necessary linkage to confer standing is missing.

When a non-FmHA lender forecloses on an FmHA borrower, the economic injury suffered by the borrower usually is not connected to FmHA conduct. If the injury cannot be linked to the FmHA, then the plaintiff does not have a claim against FmHA sufficient to confer standing. *Matzke v. Block*, 564 F.Supp. 1157, 1163–64 (D.Kan.1983), *aff'd in part and rev'd in part*, 732 F.2d 799, 801 (10th Cir.1984) (affirming district court determination of standing because farmer's injury cannot fairly be attributed to FmHA when a non-FmHA lender forecloses).[1] Thus, because Equitable, and not the FmHA, foreclosed on the Smiths, the Smiths' injury cannot be attributed to the FmHA.

We find it is too speculative to conjecture that if the Smiths had applied for a moratorium on their FmHA loans and the FmHA had granted a moratorium, the Smiths would have had more money available to make the payments due Equitable.[2] At the time of FmHA's notice of acceleration, the Smiths were behind $50,000 in their payments to FmHA and they made no further payments in the ensuing sixteen months before the judgment obtained by Equitable. Because the Smiths were not making payments to the FmHA, in effect, they had a moratorium on their FmHA loans. Even if their FmHA loans had been officially deferred the Smiths would not have had more cash available to make the payments due Equitable.

Somewhat similarly, the Smiths suggest that a moratorium would have permitted refinancing of both loans. There is, however, no reasonable probability of such financing when both loans were substantially in arrears. The Smiths failed to present any evidence of a lending institution willing to provide such financing. We thus conclude that any injury to the Smiths is not attributable to the FmHA's failure to send notice of section 1981a relief.

Moreover, the Smiths provide no evidence showing that even if we grant the relief they request, an injunction prohibiting sale of the farm by FmHA, it would

---

1. *But cf. Shick v. Farmers Home Administration*, 748 F.2d 35 (1st Cir.1984) (FmHA purchased plaintiffs' farm at third-party foreclosure sale. The First Circuit required FmHA to give notice of section 1981a provisions. Plaintiffs were in fact injured and thus had standing, however, because FmHA had foreclosed on its mortgage as well.).

2. We are not, however, ruling on the case where a farmer shows that had he been granted a moratorium, he would have had sufficient funds to forestall foreclosure by a third party.

offer redress. Such an injunction could not undo Equitable's foreclosure on their farm.[3]

■ Because the Smiths cannot show that their injury is connected to FmHA conduct and that the relief they request will offer redress, the Smiths do not have a claim against the FmHA sufficient to confer standing and we must affirm the dismissal of their suit.[4] *See Allen v. Wright,* 468 U.S. 737, 104 S.Ct. 3315, 3324–25, 82 L.Ed.2d 556 (1984) (if plaintiffs lack standing to bring suit, court lacks jurisdiction to consider it); *Grove v. Mead School District,* 753 F.2d 1528, 1531 (9th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 85, 88 L.Ed.2d 70 (1985).

The district court decision dismissing the Smiths' action is therefore

AFFIRMED.

---

3. The Smiths' situation is an unfortunate one. We note that regulations adopted pursuant to *Coleman v. Block,* 580 F.Supp. 194 (D.N.D.1984), now require notice of the relief available under section 1981a at the time of making an FmHA loan. 47 Fed.Reg. 21,235–36 (1982).

4. In reviewing a district court decision we may affirm on any ground finding support on the record. *Salmeron v. United States,* 724 F.2d 1357, 1364 (9th Cir.1983); *Angle v. United States,* 709 F.2d 570, 573 (9th Cir.1983).