993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John MORGAL; Melinda K. Morgal, Plaintiffs-Appellants,
v.
PINAL COUNTY BOARD OF SUPERVISORS; Ron Kent Hooper,
Attorney at Law; Robert A. Webb, Individually and as
Trustee of the Joseph R. Webb and Ethel W. Webb Trust; City
of Apache Junction; William Mathieson; Roy Hudson; Dean
Weatherly; Robert R. Bean, Presiding Judge; James E. Don,
Judge of the Pinal County Superior Court; Jay Abbey, Judge
of the Navajo County Superior Court (Visiting Judge); E.D.
McBryde, Judge of the Pinal County Superior Court (Retired);
et al., Defendants-Appellees.
 No. 91-16577.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 13, 1993.*
Decided May 10, 1993.
 
 Before: SCHROEDER, PREGERSON, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John and Melinda Morgal (the "Morgals") appeal from the dismissal of their action under 42 U.S.C. § 1983. The Morgals contend that the district court erred in setting aside entry of default against several defendants, in finding that the Morgals failed timely to serve several defendants, and in dismissing the action for failure to state a claim. We affirm.
 
 DISCUSSION
 
 3
 The Morgals allege that various governmental entities and officials conspired to violate their due process and equal protection rights. Specifically, the complaint alleges that judicial decisions and actions taken in the context of two state court suits deprived the Morgals' of their property without due process of law.
 
 
 4
 The district court dismissed the complaint, identifying a multitude of alternative grounds for its decision. On appeal, the Morgals challenge several of these grounds. The disposition of this entire action, however, is resolved by just one issue. That issue is whether the district court has jurisdiction over this case which seeks review of state court decisions in two actions.
 
 
 5
 Federal review of a state court decision may be had only in the Supreme Court. 28 U.S.C. § 1257; District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). As a corollary, United States district courts "do not have jurisdiction ... over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Feldman, 460 U.S. at 486. See also Allah v. Superior Court of State of California, 871 F.2d 887, 890 (9th Cir.1989).
 
 
 6
 The question, then, is whether the complaint requires the district court to review the state court's judgment and to scrutinize the state court's application of various rules and procedures to the state case. Allah, 871 F.2d at 891. The complaint lists a number of acts alleged to have violated the Morgal's due process and equal protections rights. See Complaint pp 5, 7. Each of these acts constitutes "state court[ ] application of various rules and procedures pertaining to" the underlying state cases.
 
 
 7
 In civil rights cases where, as here, the plaintiffs are acting pro se, the court has an obligation to construe the pleadings liberally and to afford plaintiffs the benefit of any doubt. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). Even affording the Morgals the benefit of any doubt, the complaint in this case clearly challenges "state-court decisions in particular cases arising out of judicial proceedings." Feldman, 460 U.S. at 486. As such, the district court lacked jursidiction over the action and properly dismissed the complaint.
 
 
 8
 Because the district court lacked jurisdiction over this action, we need not consider any of the remaining issues raised by appellants. See Smith v. Block, 784 F.2d 993, 996 n. 4. (9th Cir.1986) (citing Salmeron v. United States, 724 F.2d 1357, 1364 (9th Cir.1983)) ("In reviewing a district court decision we may affirm on any ground finding support on the record.")
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3