26 F.3d 130
 1994-2 Trade Cases P 70,839
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles HEISEN, Plaintiff-Appellant,
v.
PACIFIC COAST BUILDING PRODUCTS, INC., a California Company;
David Lucchetti; Albert K. Mueller; Jean
Rodney, Esq.; Mark Begnaud, Esq.,
Defendants-Appellees.
 No. 92-16661.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 9, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Heisen appeals pro se the district court's dismissal of his antitrust action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. We review de novo, Les Shockley Racing, Inc. v. National Hot Rod Ass'n, 884 F.2d 504, 507 (9th Cir.1989), and we affirm.
 
 
 3
 The discord between the parties to this appeal dates back to July 30, 1988, when Heisen hired a bulldozer and directed its operator to sever the primary commercial access road to a plant owned by Pacific Coast Building Products, Inc. ("PABCO"). PABCO sued Heisen and his employer, International Silica Corporation, in federal court. In March 1991, the district court awarded PABCO $40,000 in compensatory damages and $5,000 in punitive damages. In April 1991, Heisen filed a complaint in Nevada state court alleging fifteen state antitrust claims against the same defendants whom he sued in this action. In November 1991, the state court entered judgment in favor of the defendants.
 
 
 4
 In March 1992, Heisen filed the complaint that is the subject of this appeal. The allegations in Heisen's complaint are identical to those asserted in the state court action, except that Heisen claimed violations of federal antitrust law rather than state antitrust law. The defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted.[1] After a hearing, the district court granted the defendants' motion and dismissed the complaint with prejudice. This appeal followed.
 
 
 5
 Heisen contends that the district court erred by dismissing his complaint pursuant to Rule 12(b)(6). We disagree.
 
 
 6
 Heisen's complaint does not specify the section of the Sherman Act upon which his claims are based.[2] Nevertheless, to state a claim under either section 1 or section 2 of the Sherman Act, a plaintiff must allege antitrust injury, i.e. "injury to the market or to competition in general, not merely injury to individuals or individual firms[.]" McGlinchy v. Shell Chem. Co., 845 F.2d 802, 812 (9th Cir.1988); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 734 (9th Cir.1987) ("[i]ndispensable to any section 1 claim is an allegation that competition has been injured rather than merely competitors"); see also Brown Shoe Co. v. United States, 370 U.S. 294, 320 (1962) (the antitrust laws were enacted for the "protection of competition, not competitors "). "Ordinarily, the factual support needed to show injury to competition must include proof of the relevant geographic and product markets and demonstration of the restraint's anticompetitive effects within those markets." Les Shockley Racing, 884 F.2d at 508. Moreover, " '[t]he pleader may not evade these requirements by merely alleging a bare legal conclusion; if the facts do not at least outline or adumbrate a violation of the Sherman Act, the plaintiff[ ] will get nowhere merely by dressing them up in the language of antitrust.' " Rutman, 829 F.2d at 736 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir.1984), cert. denied, 470 U.S. 1054 (1985)).
 
 
 7
 Here, Heisen's complaint alleges that the defendants' actions have injured his own business interests. But the complaint is devoid of any facts that demonstrate an "antitrust injury." See McGlinchy, 845 F.2d at 811. Heisen's complaint does not allege a reduction of competition in the gypsum and silica markets in general; instead, he alleges injury only to his own position as a competitor in these markets. Such allegations are insufficient to state a claim under the Sherman Act. See Les Shockley Racing, 884 F.2d at 508 (although proof of plaintiffs' allegations of market exclusion and resulting loss of income would establish harm to their business interests, such proof would not show injury to competition in the market as a whole); McGlinchy, 845 F.2d at 811-12; Rutman, 829 F.2d at 736; Car Carriers, 745 F.2d at 1109 ("[t]ortious activities in the form, for example, of unfair competition do not contravene the antitrust laws unless accompanied by the requisite anticompetitive effect").[3] Accordingly, the district court correctly determined that Heisen's complaint failed to state a claim upon which relief could be granted.[4]
 
 
 8
 Heisen next argues that he should have been allowed to amend his complaint before it was dismissed. This argument fails.
 
 
 9
 When a complaint is dismissed for failure to state a claim, leave to amend should be granted unless it can be determined that no possible amendment would cure the complaint's deficiencies. Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir.1990), cert. denied, 112 S.Ct. 332 (1991). Moreover, an "amended complaint may only allege other facts consistent with the challenged pleading." Id. at 297 (quotation omitted).
 
 
 10
 Our review of Heisen's complaint and its attachments convinces us that no amendment would produce a federal claim in this case.[5] As we already have explained, Heisen did not allege that the defendants' actions were intended to injure, or did injure, competition in the silica or gypsum market. To the contrary, Heisen specifically alleged that the defendants' actions were motivated by their animosity toward Heisen, and that they intended to prevent him from becoming a competitor in these markets. Because "[i]t would not be possible for [Heisen] to amend his complaint to allege a completely new injury ... without contradicting any of the allegations of his original complaint[,]" the district court did not err by dismissing Heisen's complaint without giving him leave to amend. See id. at 296-97; cf. Rutman, 829 F.2d at 736 (affirming Rule 12(b)(6) dismissal of antitrust complaint because "the specific intent to harm competition [was] insufficiently pleaded"); Car Carriers, 745 F.2d at 1106 ("[w]hen the requisite elements are lacking, the costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint").[6]
 
 
 11
 Accordingly, we affirm the district court's judgment.[7]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The defendants attached to their motion to dismiss several documents that had been filed in the other state and federal lawsuits. Generally, if matters outside the pleadings are presented and not excluded by the district court, a motion to dismiss for failure to state a claim must be treated as one for summary judgment and disposed of as provided by Fed.R.Civ.P. 56. Fed.R.Civ.P. 12(b). Nevertheless, "on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir.1986). Accordingly, the district court properly considered the defendants' motion as one brought under Rule 12(b)(6). See id
 
 
 [2]
 To establish a violation of section 1 of the Sherman Act, "a plaintiff must demonstrate three elements: (1) an agreement, conspiracy, or combination among two or more persons or distinct business entities; (2) which is intended to harm or unreasonably restrain competition; and (3) which actually causes injury to competition, beyond the impact on the claimant, within a field of commerce in which the claimant is engaged (i.e., 'antitrust injury')." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 811 (9th Cir.1988). "To establish a section 2 violation for an attempt to monopolize, a plaintiff must demonstrate four elements: (1) specific intent to control prices or destroy competition; (2) predatory or anti-competitive conduct directed toward accomplishing that purpose; (3) a dangerous probability of success; and (4) causal antitrust injury." Id
 
 
 [3]
 Nor has Heisen alleged any facts that suggest that "the relevant market is both narrow and discrete and the market participants are few." See Les Shockley Racing, 884 F.2d at 508-09. Accordingly, this is not a case in which injury to one market competitor is tantamount to injury to competition. See id
 
 
 [4]
 The district court found that Heisen's complaint failed to state a claim because the defendants were all agents or employees of PABCO, and therefore could not be conspirators within the meaning of the Sherman Act. See Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 769 (1984) ("officers or employees of the same firm do not provide the plurality of actors imperative for a Sec. 1 conspiracy"). We decline to rest our decision on this ground. See Smith v. Block, 784 F.2d 993, 996 n. 4 (9th Cir.1986) ("[i]n reviewing a district court decision, we may affirm on any ground finding support in the record")
 
 
 [5]
 "If a complaint is accompanied by attached documents, ... [t]hese documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim." Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir.), cert. denied, 484 U.S. 944 (1987)
 
 
 [6]
 All fifteen claims in Heisen's complaint also refer to the Clayton Act, but do not cite to any specific section. Nevertheless, Heisen fails to state a claim under the Clayton Act, as amended by the Robinson-Patman Act, because the complaint does not allege any conduct prohibited by the statute. See 15 U.S.C. Sec. 13(a) (prohibiting price discrimination); 15 U.S.C. Sec. 14 (prohibiting exclusive dealing contracts)
 
 
 [7]
 In his briefs, Heisen also argues that the district court erred by (1) failing to consider all of his causes of action, (2) failing to consider his request for punitive sanctions against opposing counsel, (3) failing to consider that Heisen appeared pro se, (4) threatening to sanction Heisen if he filed future actions against the same defendants, (5) denying discovery, and (6) depriving Heisen of his rights to a jury trial and to due process. We have considered these issues and conclude that they are meritless