35 F.3d 570
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William GRANT, Plaintiff-Appellant,
v.
George WONG, President of Bel Air Market, Defendant-Appellee.
William GRANT, Plaintiff-Appellant,
v.
Arsenio HALL, Defendant-Appellee.
 Nos. 94-15478, 94-15499.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 30, 1994.
 
 Before: WALLACE, Chief Judge, HUG, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this consolidated action, William P. Grant, appeals pro se, the district court's dismissal of his two complaints prior to service of process. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under section 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). We review the district court's determination that a complaint is frivolous under section 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325; McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). A claim is legally frivolous if it is based on an indisputably meritless legal theory. Neitzke, 490 U.S. at 327. In civil rights actions where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 A. Grant v. Wong, No. 92-15478
 
 4
 In this action, Grant alleged that supermarket pharmacists intentionally filled his prescriptions with poison. The district court dismissed the complaint without prejudice, finding that Grant had failed to establish the existence of either federal or diversity jurisdiction. The court allowed him 20 days to amend his complaint and warned him that failure to amend would result in the dismissal of his action. Rather than amending his complaint, Grant filed a notice of appeal from the court's dismissal order.
 
 
 5
 Generally, an order of dismissal with leave to amend is not an appealable order. See McGuckin v. Smith, 974 F.2d 1050, 1053 (9th Cir.1992). When a plaintiff elects to stand on the dismissed complaint, however, or the complaint could not be cured by amendment, the order of dismissal is final and appealable. See id. Accordingly, because in this case Grant chose to stand on his original complaint, we have jurisdiction to review the district court's order of dismissal.
 
 
 6
 We agree with the district court that Grant's complaint fails to establish subject matter jurisdiction. There is no indication that any of the defendants in this action are state or federal actors, or that diversity jurisdiction exists. Accordingly, because Grant's action lacks a legal basis, the district court did not abuse its discretion by dismissing the action as frivolous. See Denton, 112 S.Ct. at 1734.
 
 B. Grant v. Hall, No. 94-15499
 
 7
 In this action, Grant alleged that Arsenio Hall and other well-known entertainment industry figures conspired to slander and defame him on national television. The district court dismissed the complaint prior to service of process because the complaint failed to allege facts sufficient to state a claim.[1]
 
 
 8
 Grant's complaint, naming only private individuals, fails to allege the existence of either federal or diversity jurisdiction. We hold that the complaint could not be cured by amendment. See McGuckin, 974 F.2d at 1053. Accordingly, the district court did not abuse its discretion by dismissing Grant's action as frivolous. See Denton, 112 S.Ct. at 1734.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Grant's requests for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that the district court applied an improper legal standard in dismissing the complaint. See Denton, 112 S.Ct. at 1733 (complaint that fails to state a claim under Fed.R.Civ.P. 12(b)(6) may nonetheless have an arguable basis under section 1915(d) and be entitled to issuance and service of process). We may affirm, however, on any grounds finding support in the record. See Smith v. Block, 784 F.2d 993, 996 n. 4 (9th Cir.1986)