Barbara A. STUART, Plaintiff–Appellant,

v.

TEAMSTERS LOCAL UNION NO. 117, Defendant–Appellee.

No. 01–35571.

D.C. No. CV–01–293L.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001.[*]

Decided Nov. 15, 2001.

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Barbara A. Stuart appeals pro se the judgment of the district court dismissing Stuart's complaint with prejudice as time-barred and for failure to exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo dismissals pursuant to Fed.R.Civ.P. 12(c). *See Weeks v. Bayer*, 246 F.3d 1231, 1234 (9th Cir.2001). We may affirm on any ground supported by the record. *Smith v. Block*, 784 F.2d 993, 996 n. 4 (9th Cir.1986).

 Because Stuart failed to file her complaint within six months of the date her action accrued, the district court properly determined that her unfair representation claim was time-barred. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 154–55, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Stuart's reliance on 29 U.S.C. § 185 is unavailing, as that provision does not alter the 6 month statute of limitations set out in 29 U.S.C. § 160(b) which is applicable to employees' claims against unions. *See id.*

 With respect to her discrimination claim, the district court did not err by dismissing with prejudice because Stuart did not file her district court complaint within 90 days of receiving her right to sue letter from the Equal Employment Opportunity Commission, and thus this claim was time-barred as well. *See* 42 U.S.C. § 2000e–5(f)(1); *Scholar v. Pac. Bell*, 963 F.2d 264, 266–67 (9th Cir.1992); *see also Cunningham v. Litton Indus.*, 413 F.2d 887, 889 n. 2 (9th Cir.1969) (taking judicial notice of EEOC decision).

We are not persuaded by Stuart's remaining contentions.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

