In re HAVEN TRUST BANCORP, INC., Debtor.

Cathy L. Scarver, Chapter 7 Trustee: for haven Trust Bancorp., Inc., Plaintiff,

v.

R.C. Patel, Mukesh C. Patel, Mukund R. Patel, Narendra D. Patel, Dhiru G. Patel, Balvant Patel, and Edward Briscoe, Defendants.

Bankruptcy No. 09–64497–MGD.
Adversary No. 11–5103.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Oct. 6, 2011.

E. Penn Nicholson, Wendy L. Hagenau, Bryan Cave Powell Goldstein LLP, Atlanta, GA, for Debtor.

Maggie Rentz, Lamberth, Cifelli, Stokes, Ellis & Nason, Atlanta, GA, for Plaintiff.

David A. Wender, Alston & Bird LLP, Atlanta, GA, for Defendant.

Kenneth A. Cutshaw, Atlanta, GA, pro se.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

MARY GRACE DIEHL, Bankruptcy Judge.

In this adversary proceeding, the Chapter 7 Trustee sued Debtor's officers and directors, seeking recovery from alleged constructive fraudulent transfers, illegal distributions, breach of fiduciary duty, and unjust enrichment. Debtor is the holding company of an FDIC-insured bank, and the FDIC was acting as receiver of the bank, which ultimately closed just prior to Debtor's Chapter 7 filing. Defendants filed a motion to dismiss, arguing that the Trustee had failed to state a claim. Oral argument was heard on Defendants' motion, and, at the close of the hearing, the Court announced its ruling. This Order memorializes the Court's ruling.

Cathy L. Scarver, Chapter 7 Trustee for the estate of Haven Trust Bancorp, Inc. ("Trustee") initiated the above-styled adversary on February 22, 2011. Defendants [1] filed a Motion to Dismiss for failure

---

1. Three originally named Defendants have been voluntarily dismissed by Trustee.

(Docket Nos. 5, 18 & 20).

to state a claim. (Docket No. 13). Trustee filed a Response and Defendants filed a Reply. (Docket Nos. 16 & 19). Oral argument was held on Defendants' Motion on October 4, 2011 with the following legal issues identified by the Court: (1)With respect to the insolvency element in a constructive fraudulent transfer claim under 11 U.S.C. § 544 and O.C.G.A. § 18–2–75(a) or § 548(a)(1)(B), what factual allegations satisfy Iqbal/Twombly's plausibility standard; (2)What authorizes dismissal of this action with prejudice; (3) If an amended complaint is necessary and allowed, would the amended pleading relate back to the date of the original pleading. Both parties submitted supplemental briefs. (Docket Nos. 23 & 24).

Jurisdiction over this action is set forth in 28 U.S.C. §§ 157(b) and 1334(b). The matter is a core proceeding under 28 U.S.C. § 157(b)(2) and venue is proper.

## I. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible claim for relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); FED.R.CIV.P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal,* 129 S.Ct. at 1949. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949–1950.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. The rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Id.* "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 129 S.Ct. at 1950 (citation omitted).

## II. Discussion

Defendants assert that dismissal of the action with prejudice is required because the complaint fails to provide factual allegations to make out each of the claims included in the complaint.[2] Defendants argue that after disregarding the bare legal conclusions, the well-plead factual allegations are insufficient to state a plausible claim for relief. Specifically, Defendants posit that dismissal is proper for the con-

---

**2.** Defendants move to dismiss the action with prejudice based on the theory that Trustee's ability to amend the complaint would be futile. Based on the Court's denial of the mo-

tion to dismiss, there is no need to address the merits of the "with prejudice" portion of Defendants' motion.

structive fraudulent transfer counts because Debtor's insolvency at the time of the transfers or that Debtor was rendered insolvent because of the transfers is not supported by factual allegations. In Defendants' view, the purported failure to plead facts in support of insolvency at the time of the transfers also renders the breach of fiduciary duty claim insufficient. Lastly, Defendants assert that Trustee's unjust enrichment claim should be dismissed because Trustee has an adequate remedy at law.

 Defendants also assert that the heightened pleading standard provided by Rule 9 of the Federal Rule of Civil Procedure is applicable here. Yet, numerous cases have held that when pleading a constructive fraudulent conveyance, the pleading standard falls under Federal Rule of Civil Procedure 8(a) and not Rule 9. A "constructive fraudulent transfer claims are governed by Rules 8 and 12(b)(6) and not the heightened Rule 9(b) pleading standard." *E.g., Charys Liquidating Trust v. McMahan Sec. Co., L.P. (In re Charys Holding Co.)*, 443 B.R. 628, 632 n. 2 (Bankr.D.Del.2010).

With regard to the allegations of Debtor's insolvency, Trustee counters that insolvency is a fact, not a legal conclusion. Although it is also an element of the constructive fraudulent transfer claims, it is also serves as an ultimate fact to be proved by Trustee. Trustee asserts that Defendants seek to raise the standard required at the pleading stage. Trustee argues that Defendants are confusing proof and evidence for factual allegations.

### 1. Trustee has sufficiently alleged insolvency to make out plausible constructive fraudulent transfer claims and the breach of fiduciary duty claim.

 Trustee's complaint alleges sufficient facts to support a plausible construc-

tive fraudulent transfer claim. This determination is made based on the actual factual allegations in the complaint and the context in which this action arises. First, the complaint explicitly alleges in paragraph 27 of her complaint that "[a]t the time of the Transfers, Debtor was insolvent or became insolvent as a result of the Transfers...." Although this language mirrors the statutory language in 11 U.S.C. § 548(a)(1)(B), Debtor's insolvency at the time of the transfers remains a fact to be established at. trial or at another juncture.

Trustee's complaint also includes factual allegations that lend support to its factual statement that Debtor was insolvent at the time of the transfers or rendered insolvent as a result of such transfers. For example, paragraphs 10 and 17 provide factual support to create a plausible constructive fraudulent transfer claim. The relevant transfers are identified as occurring in January and May of 2008. Paragraph 10 states that in December of 2008, the Georgia Department of Banking and Finance closed Haven Trust Bank and named the FDIC as receiver. Paragraph 17 references the schedules assets and liabilities on Debtor's petition date, February 23, 2009. Debtor scheduled over $9 million in liabilities and $0 in assets.

 These factual allegations together state a plausible claim for constructive fraudulent transfers. There are sufficient factual allegations to allow the Court to reasonably infer that these transfers could be avoidable. Debtor's financial position after the transfer provides a basis to infer Debtor's financial position at the time of the transfer. *E.g., In re Saba Enters., Inc.* 421 B.R. 626, 646–47 (Bankr.S.D.N.Y. 2009) (the petition, filed ten months after the transfers, sufficiently alleged a plausible pleading that the debtor was insolvent at the time of the transfer). The proximi-

ty of the transfers to Debtor's bankruptcy filing and the extent that Debtor's liabilities exceeded its assets on the petition date bolster the plausibility of Debtor's insolvency at the time of the transfer. Although, as Defendants argued, Trustee could have alleged a specific value of liabilities and assets in the relevant transfer period, that level of specificity is not required to state a plausible claim. The supporting facts provided in the complaint make the insolvency allegation more than mere speculation. Similarly, the facts alleged in the complaint are more than threadbare recitals and are sufficient to defeat Defendants' motion to dismiss.

The context of this action and the transfers at issue were also considered in making this determination. Here, the transfers occurred before Trustee had any involvement with Debtor and the very Defendants named in this action were in a position to know Debtor's financial position. This context also fulfills the purpose of the federal notice-pleading requirements because Defendants have sufficient notice based on the allegations in the complaint to know the claims sought against them and the grounds for each claim. *Bell Atlantic Corp. v. Twombly,* 550 at 555, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("fair notice of what the … claim is and the grounds upon which it rests.")). The complaint, common sense, and the context of the alleged transfers—separately and collectively—provide enough facts to provide Defendants meaningful notice and to allow Defendants to raise all their available defenses.

Based on this determination as to the constructive fraudulent transfer actions, Trustee similarly adequately pleads a plausible breach of fiduciary duty claim.

## 2. The unjust enrichment claim survives.

 Defendants argue that the unjust enrichment claim is unavailable to Trustee because she has an adequate remedy at law. Rule 8(e) of the Federal Rules of Civil Procedure, applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7008, permits alternative pleading. The complaint is sufficient and this count remains against Defendants.

For the above reasons, Trustee has alleged sufficient facts that the counts alleged are plausible. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss is **DENIED.**

It is **FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendants have 14 days to serve their answer.