IN RE : Edward Lee CAIN, Jr., Debtor.

Martha A. Miller, as Chapter 7 Trustee, Plaintiff,

v.

Rudy C. Durand, Victor & Victor, APC, Victor Law Offices, APC, Triton Films, Inc., Clarice W. Dowdle a/k/a Clarice Frederickson, Anna Kristen Williamson f/k/a Anna Kristen Cain, Defendants.

CASE NO. 13–50208–BEM
ADVERSARY PROCEEDING
NO. 14–5236–BEM

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Signed December 3, 2014

Filed December 4, 2014

Michael J. Bargar, J. Michael Lamberth, Lamberth, Cifelli, Stokes, Ellis & Nason, Atlanta, GA, for Plaintiff.

W. Wright Dempsey, Dunwoody, GA, Ryan L. Isenberg, Isenberg & Hewitt, PC, Atlanta, GA, for Defendants.

Rudy C. Durand, pro se.

Clarice W. Dowdle, pro se.

Anna Kristen Williamson, pro se.

## ORDER

Barbara Ellis–Monro, U.S. Bankruptcy Court Judge

This adversary proceeding is before the Court on Defendant Rudy C. Durand's ("Defendant" or "Durand") Notice of Motion and Motion to Dismiss (the "Motion"). [Doc. No. 14]. In the Motion, Durand requests that the adversary proceeding be dismissed, contending that the complaint fails to state any cause of action upon which relief can be granted and that it fails to allege with particularity the circumstances and facts supporting any claim for avoidance and/or recovery of transfer(s) to Durand.

## I. FINDINGS OF FACT

In the Complaint [Doc. No. 1], Plaintiff, Chapter 7 Trustee Martha Miller ("Plaintiff or "Trustee"), alleges as follows: Debtor, Edward Cain, ("Debtor"), filed a complaint in the Northern District of Georgia for damages against H & R Block, Inc. on December 17, 2004 (the "First H & R Block Matter"), [Complaint ¶ 13]. On December 20, 2004, Debtor signed a document that purportedly granted Durand an interest and lien in any proceeds arising from the First H & R Block Matter. [Complaint ¶¶ 14, 16]. Durand filed a "Notice of Lien in Proceeds of Pending Action" in the First H & R Block Matter on September 1, 2005. [Complaint ¶ 17]. Debtor filed a chapter 11 bankruptcy case on June 20, 2006, in which he listed an aggregate value of assets as $1,500,000 and an aggregate principal balance of liabilities as $2,613,758.73. [Complaint ¶¶ 19, 20]. The First H & R Block Matter was referred to the Bankruptcy Court by the District Court on October 18, 2006, which initiated an adversary proceeding styled as *Cain v. H & R Block, Inc., et al.* [Complaint ¶¶ 21, 22]. In July, 2008, Durand filed a UCC Financing Statement in the Superior Court of Fulton County lien records for collateral described as twenty percent (20%) of any proceeds related to the First H & R Block Matter. [Complaint ¶¶ 23, 25]. The Bankruptcy Court dismissed Debtor's first bankruptcy case on August 18, 2008 and, at that time, requested that the District Court withdraw the reference in the First H & R Block Matter. [Complaint ¶¶ 26–28].

On October 30, 2008, the District Court entered a consent order proposed by certain parties which withdrew the reference and dismissed, without prejudice, the First H & R Block matter [Complaint ¶¶ 32, 33]. Prior to entry of the order dismissing the First H & R Block Matter, Durand filed a second UCC Financing Statement for collateral described as twenty percent (20%) of any proceeds related to the First H & R Block Matter. [Complaint ¶¶ 29, 31]. Debtor received no money at all from the First H & R Block Matter. [Complaint ¶ 34].

In January 2009, Debtor filed a new cause of action against H & R Block in the Superior Court of Fulton County, State of Georgia (the "Second H & R Block Matter"). [Complaint ¶ 35]. In April or May

of 2010, the Second H & R Block Matter was settled and the proceeds of the settlement (the "Settlement Proceeds") were transferred to Debtor's counsel's trust account. [Complaint ¶¶ 46, 47]. A portion of the Settlement Proceeds were disbursed. [Complaint ¶ 56]. And, on January 26, 2011, Debtor's filed an interpleader action regarding the remaining Settlement Proceeds in the amount of $640,000 (the "Remaining Settlement Proceeds"), in the District Court (the "Interpleader Action"). [Complaint ¶ 56]. Debtor, and two other parties, not including Durand, were the original defendants in the Interpleader Action. [Complaint ¶¶ 58, 59]. In August, 2011, the District Court entered an order accepting the Interpleader Action and authorizing payment of the Remaining Settlement Proceeds into the registry of the court. [Complaint ¶ 62]. There were several parties that filed motions to intervene in the Interpleader Action, however Durand did not participate in the Interpleader Action. [Complaint ¶¶ 60–71].

On December 20, 2012, a judgment in favor of Victor & Victor APC, a defendant in this proceeding, was entered in the Interpleader Action. [Complaint ¶ 72]. Debtor filed his second bankruptcy case on January 3, 2013, and thus, on January 3, 2013, the District Court entered an order in the Interpleader Action ordering that the Remaining Settlement Proceeds be held until further order of the District Court. [Complaint ¶ 4, 73]. Debtor disclosed assets with an aggregate value of $325,410 and liabilities with an aggregate balance of $1,909,172.32 in the papers filed in his second bankruptcy case. [Complaint ¶ 74]. These disclosures show that Debtor was insolvent on the Petition Date. [Complaint ¶ 75]. In July, 2013, the District Court stayed the Interpleader Action pending Debtor's second bankruptcy case. [Complaint ¶ 76].

In her Complaint, the Trustee enumerates eighteen counts against various Defendants relating to the validity of any interests in the Settlement Proceeds. Five of these counts, specifically Counts VI, VII, VIII, IX, and X, are asserted against Durand. [Complaint ¶¶ 100–119]. The Trustee claims that Durand has no interest in the Settlement Proceeds (Count VI), or that, in the alternative, any transfer of the Settlement Proceeds to Durand may be avoided and recovered by the Trustee for the benefit of the estate (Counts VII–X).

In the Motion, Durand requests that the Complaint be dismissed pursuant to Federal Rule of Civil Procedure 8(a)(2), because the Trustee has not adequately pled each element of a preference or fraudulent transfer claim.

## II. STANDARD

Under Fed.R.Civ.P. 8(a)(2), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7008(a), Plaintiff need only provide, "a short and plain statement of the claim showing that the pleader is entitled to relief," enough to give the Defendant adequate notice of the claim, "and the grounds upon which it rests." *Erickson v. Parous,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 672, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly* ).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief' "

*Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. (internal citations omitted) (citing *Twombly* ).

### III. ANALYSIS

The Court finds that Plaintiff has stated facts that, when accepted as true, withstand a motion to dismiss under Fed. R.Civ.P. 8(a)(2) and 12(b)(6). Dismissal is only proper if it appears that the complaint fails to allege facts that state a "plausible claim for relief." *In re Haven Trust Bancorp, Inc.,* 461 B.R. 910, 912 (Bankr. N.D.Ga.2011). A court should not dismiss a complaint unless the plaintiff does not give defendant fair notice of the plaintiff's claims and the grounds upon which they rest. *In re S. Home & Ranch Supply, Inc.,* 2013 Bankr.LEXIS 5535, at \*13, 2013 WL 7393247, at \*6 (Bankr.N.D.Ga. December 20, 2013) (citing *In re Tousa, Inc.,* 442 B.R. 852 (Bankr.S.D.Fla.2010)).

### A. Trustee's Count VI Adequately Alleges a Claim that Durand has no Interest in the Settlement Proceeds

■ The Trustee alleges facts related to any interest that Durand may have received from Debtor relating to the First H & R Block Matter. There are allegations that the lien agreement and two UCC filings recorded by Durand relate only to any proceeds from the First H & R Block Matter, which if proven at trial, would establish that Durand has no interest in

the Settlement Proceeds, inclusive of the Remaining Settlement Proceeds which resulted from the Second H & R Block matter.

### B. Trustee's Count VII Adequately Alleges a Claim for Fraudulent Transfer under O.C.G.A. § 18-2-75(a) and for Recovery of the Avoided Transfer under 11 U.S.C. § 550

■ A trustee's claim of 'constructive fraud survives a motion to dismiss when the trustee asserts that (1) the debtor transferred the property to the defendant for no valuable consideration; (2) on the date of the transfer the debtor owed unsecured debts to creditors; and (3) the transfers were made at a time when the debtor was insolvent or rendered the debtor insolvent. *In re Noble,* 2009 WL 6499363, at \*5 (Bankr.N.D.Ga. August 21, 2009). The Trustee has alleged that Debtor transferred an interest in the proceeds of the First H & R Block Matter to Durand. In the alternative, the Trustee has alleged that there may have been a transfer of interest in the Settlement Proceeds when they came into existence, and that the Debtor was insolvent and owed unsecured debts to other creditors, including his ex-wife, and the other named Defendants in this proceeding, at the time of the transfer if it occurred, thus the Trustee has alleged sufficient facts to assert a claim under O.C.G.A. § 18-2-75(a).

### C. Trustee's Count VIII Adequately Alleges a Claim for an Avoidable Transfer under 11 U.S.C. § 544(a) and for Recovery of the Avoided Transfer under 11 U.S.C. § 550

■ Pursuant to 11 U.S.C. § 544(a)(1), a trustee may avoid certain transfers of a debtor's property if a "hypothetical judicial lien creditor" would defeat such a claim. A *prima facie* claim under § 544(a)(1) is

set forth if the plaintiff alleges sufficient facts that the trustee would take an interest in the subject property with greater priority than the defendant. *See In re Shuster,* 784 F.2d 993 (8th Cir.1986). The Trustee has alleged that, if Durand has any interest in the Settlement Proceeds, it is in the nature of an equitable lien. Such an interest can be avoided by the Trustee as a hypothetical judicial lien creditor and the Trustee has alleged sufficient facts to state a claim under § 544(a)(1).

### D. Trustee's Counts IX and X Adequately Allege Claims for Preservation of Avoided Transfers Made to Durand

Pursuant to 11 U.S.C. § 551, any transfer avoided under section 544 is automatically "preserved for the benefit of the estate but only with respect to property of the estate". If a trustee alleges that a transfer is avoidable, and that the subject property is property of the estate, a count for preservation of an avoided transfer survives a motion to dismiss. *See In re Mollison,* 463 B.R. 169 (Bankr.D.Mass. 2012). The Trustee has done just that in her Complaint.

### IV. CONCLUSION

The Trustee has alleged sufficient facts in Counts VI through X to state a claim to relief that is plausible on its face. *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. Accordingly, it is

HEREBY ORDERED that Durand's Motion is DENIED.