IN RE: Giorgio MEDICI, Debtor.

Jeffrey K. Kerr, as Chapter 7 Trustee, Plaintiff,

v.

Venetian Casino Resort, Defendant.

CASE NO. 12–67154–BEM
ADVERSARY PROCEEDING
NO. 14–5200–BEM

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Signed December 31, 2014

Christopher D. Phillips, Lamberth, Cifelli, Stokes, Ellis & Nason, Atlanta, GA, for Plaintiff.

Joshua M. Grenard, Mayer Brown LLP, Chicago, IL, Darryl S. Laddin, Arnall Golden Gregory LLP, Atlanta, GA, Steven E. Rich, Mayer Brown LLP, Los Angeles, CA, for Defendant.

### ORDER

Barbara Ellis–Monro, U.S. Bankruptcy Court Judge

This adversary proceeding is before the Court on Defendant Venetian Casino Resort's ("Defendant" or "Venetian") Motion to Dismiss Adversary Complaint (the "Motion") [Doc. No. 7], Plaintiff Jeffrey Kerr's ("Plaintiff" or "Trustee") Response and Brief in opposition to Venetian Casino Resort, LLC's Motion to Dismiss Adversary Complaint (the "Response") [Doc. No. 18], and Venetian's Reply in Support of Defendant's Motion to Dismiss Adversary Complaint (the "Venetian's Reply") [Doc. No. 22]. In the Motion, and supporting brief, Venetian requests that this adversary proceeding be dismissed, contending that the Trustee's Complaint fails to plead with particularity the circumstances and facts supporting a claim for avoidance and/or recovery of any transfer to Venetian.

### I. FACTS

In the Complaint, Trustee alleges the following facts: Debtor, Giorgio Medici ("Medici"), was involved in various real estate ventures which began to fail in 2008. [Doc. No. 1 ¶¶ 5, 6]. Beginning in December, 2008 and through November, 2010, Medici was a party to several lawsuits. [Doc. No. 1, ¶¶ 7–13]. As a result of these lawsuits and as of November, 2010, Medici had in excess of $10 million in judgments against him. [Doc. No. 1, ¶ 16]. In February, 2010, SunTrust Mortgage, Inc. foreclosed on Debtor's residence. [Doc. No. 1, ¶ 9]. Medici filed a petition under Title 11, chapter 7 on July 6, 2012 (the "Petition Date") and listed debts in excess of $36 million and assets of $153,800. [Doc. No. 1, ¶¶ 3, 14].

Medici began gambling regularly at Venetian in 2008. [Doc. No. 1, ¶ 15]. In the two years prior to the Petition Date, Medici transferred $397,167.36 (the "Transfers") to Venetian to buy into poker tournaments, buy casino chips, and generally gamble. [Doc. No. 1, ¶ 20]. The transfers were made by wire transfer. [Doc. No. 1, ¶¶ 15, 17–20, Exhibits A–C]. After the Transfers were made to the Venetian, it exercised control over the funds. [Doc. No. 1, ¶ 21]. At no time did Venetian review Debtor's financial condition, the source of funds Medici transferred to it or claims against Medici. [Doc. No. 1, ¶ 16].

Trustee alleges that the funds transferred were Medici's property, that Medici was insolvent as the time the Transfers were made, that the Transfers were made with actual intent to hinder delay or defraud Medici's creditors, and that Venetian did not receive the Transfers in good faith. [Doc. No. 1, ¶¶ 24–29]. In the alternative, Trustee alleges that the funds transferred were Medici's property, that Medici received less than reasonably equivalent value for the Transfers, and that Medici was insolvent at the time of the Transfers. [Doc. No. 1, ¶¶ 32–36].

## II. APPLICABLE STANDARDS

Pursuant to Fed. R. Civ. P. 8(a)(2), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7008(a), Plaintiff need only provide, "a short and plain statement of the claim showing that the pleader is entitled to relief," enough to give the defendant adequate notice of the claim, "and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 672, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. (internal citations omitted) (citing *Twombly* ).

▮ When pleading a claim of fraud or mistake, however, Fed. R. Civ. P. 9(b), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7009, calls for a heightened pleading standard. A plaintiff is required to "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). However, the heightened pleading standard is required only when pleading intentional fraud and "when pleading a constructive fraudulent conveyance, the pleading standard falls under Federal Rule of Civil Procedure 8(a) and not Rule 9." *In re Haven Trust Bancorp, Inc.,* 461 B.R. 910, 913 (Bankr.N.D.Ga. 2011) (Diehl, B.J.). *See In re S. Home and Ranch Supply, Inc.,* 2013 WL 7393247(Bankr.N.D.Ga. Dec. 20, 2013); *In re Noble,* 2009 WL 6499363 (Bankr. N.D.Ga. Aug. 21, 2009); *Kipperman v. Onex Corp.,* 2007 WL 2872463 (N.D.Ga. Sept. 26, 2007).

## III. ANALYSIS

The Court finds that Trustee has stated facts in the Complaint that, when accepted as true, withstand a motion to dismiss under Fed. R. Civ. P. 8(a)(2) and 12(b)(6). Further, the Trustee has pleaded facts with sufficient particularity to satisfy Fed. R. Civ. P. 9(b).

### A. Trustee's Count I Adequately Alleges a Claim for Intentional Fraudulent Transfer

▮ To successfully plead a fraudulent transfer under section 548(a)(1)(A), the plaintiff must meet the heightened standards of Rule 9(b) of the Federal Rules of Civil Procedure. *Howell v. SRH Holding Co., LLC (In re S. Home and Ranch Supply, Inc.),* 2013 WL 7393247, at *3. A pleading complies with the requirement of Rule 9(b) if it alerts the defendant 'to the 'precise misconduct with which they are charged' " *Id.* (citing *In re Noble,* 2009 WL 6499363, at *5–6 (Bankr.N.D.Ga.2009) (quoting *In re Kipperman,* 2007 WL 2872463, at *6 (N.D.Ga.2007)). A pleading

sufficiently alerts defendant if it contains: "(1) an allegation of jurisdiction, (2) a statement of the date and the conditions of the indebtedness involved (often with the document itself attached), (3) the amount owed, (4) a statement that the defendant conveyed real and personal property of a given description to another for the purpose of defrauding plaintiff and hindering and delaying the collection of the indebtedness described prior, and (5) a demand for judgment." *Noble*, 2009 WL 6499363, at *5–6. In the Motion, Venetian disputes that the Complaint contains any allegations that Medici made the transfers with the actual intent to hinder, delay or defraud any entity [1].

The Trustee may plead fraudulent intent generally, and "pleading one or more of the badges of fraud sufficiently pleads the required element of intent." *Kerr v. Commercial Credit Group, Inc. (In re Siskey Hauling Co., Inc.)*, 2011 WL 1519969 (Bankr.N.D.Ga.2011)(citing, *Kipperman*, 2007 WL 2872463 at *9). Badges of fraud include:

1) The transfer was to an insider;
2) The debtor retained possession or control of the property transferred after the transfer;
3) The transfer was disclosed or concealed;
4) Before the transfer was made the debtor had been sued or threatened with suit;
5) The transfer was of substantially all the debtor's assets;
6) The debtor absconded;
7) The debtor removed or concealed assets;
8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred;
9) The debtor was insolvent or became insolvent shortly after the transfer was made;
10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and
11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

*Id.* (citing *In re XYZ Options, Inc.*, 154 F.3d 1262, 1271 (11th Cir.1998)).

Here, the Trustee has alleged facts sufficient to alert Venetian to the exact misconduct alleged and has satisfied Rule 9(b) because Trustee has alleged jurisdiction, the parties to the Transfers, the dates and amounts of each transfer, the method of transfer, as well as a demand for judgment.

Further, Trustee has alleged at least two badges of fraud in the Complaint. First, Trustee alleges that Medici was subject to several lawsuits during the time the Transfers were made. Second, Trustee alleges that Medici Debtor had in excess of $36 million in debts as compared to $153,800 in assets on the Petition Date which creates a reasonable inference that Medici was insolvent at the time of the Transfers. In addition, Trustee alleges that Medici began gambling regularly at Venetian at the same time his real estate

---

1. Venetian also contends that there has been extensive discovery by parties in the main case, such that Trustee should be required to plead fraud with a higher degree of particularity. Although it is true that a third party, Multibank, has conducted extensive discovery in the Debtor's main bankruptcy case, Trustee has only requested a minimal amount of documents from Venetian and thus, assuming for the sake of argument that imposition of a heightened standard is appropriate, the Court concludes that imposition of such a heightened standard against the Trustee in this proceeding is not warranted.

ventures began to fail and collection actions began to mount, thus adding weight to the two badges of fraud alleged. Thus, the Trustee has alleged facts sufficient to support an inference of fraudulent intent and the Complaint contains facts with sufficient particularity to satisfy the heightened pleading standard established by Rule 9(b).

### B. Trustee's Count II Sufficiently Pleads a Claim for Constructive Fraudulent Transfer

■ Venetian also argues that Trustee has not identified any facts establishing the elements of a constructive fraudulent transfer claim. To successfully plead a fraudulent transfer claim under section 548(a)(1)(B), plaintiff need only meet the standards of Rule 8(a). *In re Haven Trust Bancorp, Inc.*, 461 B.R. at 913. A trustee may avoid a transfer made within two years prior to the petition date if the debtor:

> B) Received less than reasonably equivalent value for that transfer and the debtor:
>
>> 1) was insolvent at the time of the transfer or became insolvent as a result of the transfer;
>>
>> 2) was left after the transfer with insufficient capital to operate his or her business; or
>>
>> 3) intended to incur the debt which was beyond the debtor's ability to repay (to obvious detriment of the other prior creditors).

11 U.S.C. § 548(a)(1). A trustee may survive a motion to dismiss on a constructive fraudulent transfer claim by identifying the parties to the transfer, the approximate date of the transfer, the source of payment, and the transaction. *In re Int'l Mgmt. Associates, LLC*, No. BKR. A06–62966–PWB, 2007 WL 7141787, at *2 (Bankr.N.D.Ga. Mar. 7, 2007) (Bonapfel, B.J.). Here, Trustee has done just that: he 1) identifies Medici and Venetian as the parties to the Transfers, 2) identifies the date and amount of each of the Transfers from Medici to Venetian, and 3) identifies the method of transfer, that is, by wire.

Venetian argues further that Trustee has not pled facts showing that Medici received "less than reasonably equivalent value" in exchange for the Transfers. However, the Court finds that the allegations that the transfers were used to gamble could reasonably support an inference that the Trustee asserts that gambling does not provide reasonably equivalent value to the amount transferred. These allegations are enough to provide fair notice of the claims raised against the Venetian and the grounds upon which the claims rest. *See, e.g., In re S. Home and Ranch Supply, Inc.*, 2013 WL 7393247 at *3, *In re Int'l Mgmt. Associates, LLC*, 2007 WL 7141787, at *2. While Venetian may ultimately prove that Medici received reasonably equivalent value, at this stage of proceeding, that question is not yet before the Court. Accordingly, Trustee has satisfied the requirements of Rule 8 and has pled sufficient facts to survive a motion to dismiss.

### IV. CONCLUSION

The Trustee has alleged sufficient facts in Count I to meet the particularity factors required by Fed. R. Civ. P. 9(b). The Trustee has also alleged sufficient facts in Count II to state a claim of relief as to a constructive fraudulent transfer. Accordingly, it is

HEREBY ORDERED that Venetian's Motion is DENIED.

**IT IS ORDERED**